Per Curiam.
This being an action of debt, founded on a bail bond, the defendant, after craving oyer of the bond and condition, plead that it was executed by him as bail; that the said bail bond had been, or was returned, by said Sheriff, and had not been excepted to, quashed, or set aside; nor said Sheriff made co-defendant in the suit, in which it was so by him taken as Sheriff; and that the Sheriff had not suffered any damages or injury, by reason of the non-performance of any part of the condition of said bond. This plea, on demurrer, was, by the Circuit Court, adjudged good; and to reverse that judgment, this writ of error is prosecuted.
The only question necessaiy to be decided by this Court, is that presented by the demurrer to the plea. The ground taken in argument, and the only one on which the plea can be supported, if at all, is, that the legal interest of the Sheriff in the bail bond ceased, and'was extinguished, so soon as he, in the progress of the suit, by operation of law, was exempt from liability to the plaintiff; and that, for a breach of the condition, after the term of the Court to which the writ and bail bond were returned, the action should be in the name of the plaintiff, in the original suit, and not in that of the Sheriff.
In support of this position, it is contended that the bail bond combines the properties of a bail bond to the Sheriff, and a recognizance of special bail to the plaintiff, and that, for a breach of the latter condition, the remedy by scire fados, in the name of the plaintiff, is the proper one; whether that remedy can be had at all, on a bail bond in this State, is a question which" is now sub judice in another district; *124 and., as we do not consider it necessarily involved in the consideration of this question, now before the Court, no opinion will be given upon it. No doubt can exist, that the action of debt will lie upon the bond, the remedy by sci.fa. not being exclusively givenif at all, by the statute;, and it being- an established principle of common law,, that debt will lie fora specific sum, in all cases, whether it be evidenced by record deed, or simple contract.
It remains to.be decided, whethei the action should be-in the name of the Sheriff, or of the plaintiff, in the original suit. It is an established rule of law, that the suit must be in the name of the obligee, although the beneficial interest be in a third person a departure from this rule would, in ordinary cases, introduce much perplexity and confusion, as cases might arise, which, in the progress of a cause, would involve the rights and interests of persons- not parties thereto. But it is said, in this case, that the plaintiff has a legal interest in the bail bond, and in law, a party to it, so far as to enable him to have an action in his own name for a breach in the latter condition; and the case of Bishop v. Drake and others, decided in the Superior Court of the State of Connecticut, Kirby’s Rep. 370 is cited in support of this position. In that case, the Court held, that the party who is to have the benefit of the recognizance, although he be not the conusee, may have a scire facias, because, they sajr, it is different from am, action of debt upon the bond, and need be no more than a citation to the bail, to. show reasons why, from the equity of the case, he should not pay the sum awarded against the principal; and previous to the statute of Anne, enabling the plaintiff to sue in his own name on a hail bond assigned, it was the settled law, that such an action must be in the name of the Sheriff, although the plaintiff had accepted an assignment of the bond. But it is said, that these rules of common law do not apply to bail bonds in this Slate, as they here contain the double condition of appearance bail, and bail to-the action. This is true 3, and instead of a bail bond and recognizance of special bail, we have but the bail bond with this double condition. It is properly taken to the Sheriff, and being so taken, it does acquire, as is contended, the dignity of a record and the force of a recognizance, and the action of debt upon it, must be in the name of the Sheriff.
The judgment of the Circuit Court must, therefore, be reversed, with costs, and the case sent back to that Court, to be proceeded in, conformably to this opinion»